IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL HENRY,<br><br>        Defendant. | Criminal Action No. 19-68-GBW |

## MEMORANDUM ORDER

Pending before the Court is Defendant Michael Henry's ("Defendant") Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) and Motion for Appointment of Counsel ("Motion"). D.I. 42. Defendant's Motion was brought *pro se*, and has been fully briefed. D.I. 42; D.I. 45; D.I. 47. For the reasons below, the Court denies Defendant's Motion.

**I.  BACKGROUND**

On May 16, 2019, a federal grand jury returned an indictment charging Defendant with: (1) possession with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) possession of a firearm by a felon, in violation of 18 U.S.C. §§ 924(g)(1) and 924(a)(2). D.I. 2 at 1-2. Defendant pled guilty to Counts One and Two on October 23, 2019. D.I. 23.[1]

In March 2020, Judge Leonard Stark sentenced Defendant to a total of 111 months of imprisonment, consecutive sentences of 51 months on Count One and 60 months on Count Two,

---

[1] Count Three was dismissed in March 2020, per the Government's motion filed on March 4, 2020 (D.I. 38). D.I. 38; D.I. 39.

and 36 months of supervised release. D.I. 39. Defendant is projected to be released from custody in January 2027. D.I. 42 at 2 (January 2027); *cf.* D.I. 45 at 2 (January 27, 2027).

On August 7, 2023, Defendant filed his Motion, which advances two bases for compassionate release: (1) his diagnosis of a terminal illness, prostate cancer; and (2) "other extraordinary and compelling reasons." D.I. 42 at 5, 7; D.I. 47 at 2-4.[2] The latter basis is predicated on Defendant's assertions that the Court did not properly sentence him or properly consider his state violation. D.I. 42 at 7. Defendant's Motion has been fully briefed. D.I. 42; D.I. 45; D.I. 47.

On April 21, 2025, the Court denied Defendant's Motion to the extent that it sought to reduce his sentence under 18 U.S.C. 3582(c)(2), in light of amendments to the United States Sentencing Guidelines (the "Guidelines"). D.I. 56. The Court now turns to the merits of the pending Motion.

## II.    LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move the court to reduce his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Modification of a sentence is appropriate if, (1) "after considering the factors set forth in [18 U.S.C. §] 3553(a)[,]" the Court finds (2) "extraordinary and compelling

---

[2] Though Defendant's opening brief did not reference his prostate cancer diagnosis, his reply brief did, so the Court will construe the illness referenced in his opening to be a reference to the later-described prostate cancer diagnosis. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (noting that courts have an obligation to liberally construe the submissions of *pro se* litigants).

reasons warrant such a reduction" and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A).

The sentencing factors set forth in 18 U.S.C. § 3553(a) are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed [i.e., to reflect the offense's "seriousness," afford "adequate deterrence," "protect the public," and provide "correctional treatment"] . . . ; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for— (A) the applicable category of offense committed by the applicable category of defendant . . . (B) that . . . are in effect on the date the defendant is sentenced; (5) any pertinent policy statement—(A) issued by the Sentencing Commission (B) that . . . is in effect on the date the defendant is sentenced[;] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

"In 2023, the Sentencing Commission issued a policy statement defining 'extraordinary and compelling' reasons for prisoner-filed motions for reduction of sentences under § 3582(c)(1)(A)." *United States v. Faines*, Crim. Action No. 04-53-MN, 2025 WL 2549360, at *3 (D. Del. Sept. 4, 2025) (citing U.S.S.G. § 1B1.13 (the "Policy Statement")). "The Policy Statement largely restricts 'extraordinary and compelling reasons' to: (1) terminal illness; (2) complications in old age; (3) unique family circumstances; (4) victim of abuse; (5) 'other reasons' as determined by the Director of the [Bureau of Prisons ("BOP")]; and (6) an unusually long sentence where the defendant has served at least 10 years of the term of imprisonment." *Id.* (citing U.S.S.G. § 1B1.13(b)).

"To obtain relief under § 3582(c)(1)(A)(i), [the movant] must show that (1) he has met the exhaustion requirement or the requirement is otherwise excused, (2) 'extraordinary and compelling reasons' warrant a reduction of his [or her] sentence, and (3) a reduction is consistent with the factors set forth in section 3553(a)." *Id.* (citation omitted). "Courts have addressed these factors

3

in sequence." *Id.* (citing *United States v. Leonard*, Crim. Action No. 16-75-RGA, 2020 WL 3207085, at *2 (D. Del. June 15, 2020)).

### III. DISCUSSION

The Government contends (1) that Defendant has not exhausted his administrative remedies; and (2) that, even if Defendant had exhausted his administrative remedies, he has failed to show "extraordinary and compelling" reasons to warrant compassionate release. D.I. 45 at 2-5. Because the Court finds that Defendant has not shown exhaustion of his administrative remedies, the Court denies Defendant's Motion.[3] Moreover, to the extent that Defendant's Motion seeks appointment of counsel for his contentions based on recent amendments to the Guidelines, this relief is denied for the reasons set forth in the Court's Order dated April 21, 2025 (D.I. 56).

#### A. Defendant Fails to Demonstrate Exhaustion of Administrative Remedies under Section 3582(c)(1)(A)(i)

"A prisoner's failure to comply with § 3582's exhaustion requirement "presents a glaring roadblock foreclosing compassionate release[.]" *Faines*, 2025 WL 2549360, at *4 (alteration in original) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). This "exhaustion requirement 'is mandated by statute and cannot be waived by the court or the government.'" *Id.* (quoting *United States v. Jeffries*, Crim. No. 14-106, 2021 WL 2000555, at *5 (W.D. Pa. May 19,

---

[3] The Court notes that, even if Defendant had exhausted his remedies with respect to the second basis for his Motion, 18 U.S.C. § 924(c)(1)(D)(ii) states that *"no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person,* including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii) (emphasis added); *see United States v. Coles*, Nos. 23-1530, 23-2002 & 23-3221, 2025 WL 1024106, at *9 (3d Cir. Apr. 7, 2025) (observing that 924(c)(1)(D)(ii) requires a district court to impose consecutive sentences), *cert. denied*, No. 25-5080, 2025 WL 2824223 (U.S. Oct. 6, 2025). The second count of the indictment, to which Defendant pled guilty, involves a violation of 18 U.S.C. § 924(c)(1)(A)(i). D.I. 23 at 1.

2021)). As a result, it is "strictly construed, and courts within the Third Circuit hold that 'issue exhaustion' applies to § 3582(c)(1)(A)." *Id.* (quoting *Jeffries*, 2021 WL 2000555, at *5).

As the Government points out (D.I. 45 at 3), Defendant's opening brief attaches one document—an April 25, 2023 correspondence from Complex Warden T. Scarantino to Defendant ("Scarantino Decision"), denying Defendant's request for a reduction in sentence. D.I. 42 at 8. Defendant did not attach the corresponding administrative request seeking compassionate release. *See* D.I. 45 at 3-4, 3 n.1. The Scarantino Decision references Defendant's "concern about being potentially exposed to, or possibly contracting, COVID-19"[4] and "a right to appeal th[e] decision via the Administrative Remedy Process." D.I. 42 at 8. However, Defendant's briefing does not state whether he has or has not pursued the appeal referenced in the Scarantino Decision, nor does the Scarantino Decision reference the two bases for Defendant's Motion.

In addition to re-attaching the Scarantino Decision, Defendant's reply brief attaches a document, signed by Warden Richard Luna and dated November 14, 2022 (the "Luna Memorandum"), which appears to deny Defendant's October 24, 2022 request for "Compassionate Release/Reduction in Sentence (RIS) and/or release to Home Confinement" based on Defendant's "early onset prostate cancer." D.I. 47 at 5-8. The Luna Memorandum also references the right to "file an appeal." *Id.* Defendant's briefing does not state whether he has or has not pursued the appeal referenced in the Luna Memorandum.

---

[4] As it pertains to COVID-19, the Third Circuit has explained that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597 (citation omitted); *see United States v. Kramer*, No. 23-1246, 2024 WL 313389, at *2 (3d Cir. Jan. 26, 2024) (similar).

In sum, Defendant has not alleged to have filed either of the above appeals. Therefore, even construing Defendant's Motion liberally, Defendant has not shown that he has "fully exhausted all administrative rights to *appeal* a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *see also United States v. Bogdanoff*, 459 F. Supp. 3d 653, 656-59 (E.D. Pa. 2020) ("[T]he Third Circuit's strong language regarding exhaustion leaves no wiggle room.") (quoting *United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *3 (D.N.J. Apr. 9, 2020)); *United States v. Arzola*, Crim. Action No. 06-00569, 2020 WL 7137870, at *3 n.4 (D.N.J. Dec. 7, 2020) ("After exhausting any available BOP appeals, [d]efendant will have exhausted his administrative remedies and may refile his motion.") (citing 18 U.S.C. § 3582(c)(1)(A)). Nor has Defendant contended that these circumstances require excusal of the exhaustion requirement. *See Totaro v. Warden Fort Dix FCI*, 742 F. App'x 596, 598 (3d Cir. 2018) ("[E]xhaustion may be excused when 'the purposes of exhaustion would not be served . . . by requiring [the prisoner] to exhaust his administrative remedies.'") (quoting *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005)).

Thus, Defendant's Motion is denied.

### B. Defendant's Motion for Appointment of Counsel is Denied

A court's decision "whether to appoint counsel in a § 3582(c) compassionate release is discretionary, because there is no right to counsel in such a proceeding." *United States v. Rollins*, No. CR 14-22-RGA, 2023 WL 3203484, at *1 (D. Del. May 2, 2023) (citations omitted). Courts in the Third Circuit have observed that a "threshold hurdle" in reviewing requests for counsel under § 3582(c) is "whether the claimant's case has some arguable merit in fact and law." *United States v. Andrecola*, No. 22-CR-00397-ESK, 2025 WL 583043, at *4 (D.N.J. Feb. 24, 2025) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 499-500 (3d Cir. 2002)).

6

Defendant's briefing (D.I. 42; D.I. 47) and subsequent letters to the Court (D.I. 50; D.I. 51; D.I. 55) request the assistance of counsel for the purpose of seeking a sentence reduction based on a recent amendment to the Guidelines. The Court denies Defendant's Motion, to the extent that it seeks this relief, for the reasons set forth in its Order dated April 21, 2025, and declines to appoint counsel. D.I. 56.[5] *See Rollins*, 2023 WL 3203484, at *1; *see also United States v. Rodriguez*, No. CR 18-86, 2025 WL 1284773, at *1 (W.D. Pa. May 2, 2025) (denying-as-moot a motion to appoint counsel after having denied the defendant's motion under section 3582(c)(1)(A)).

## IV. CONCLUSION

For the above reasons, Defendant's Motion (D.I. 42) is denied.

\* \* \*

WHEREFORE, at Wilmington this 6th day of November 2025, **IT IS HEREBY ORDERED** that Defendant Michael Henry's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) and Motion for Appointment of Counsel (D.I. 42) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[5] D.I. 56 ("The defendant had 12 criminal history points. Ten points were from prior offenses, and he received two-point increase for committing the instant offense while under a criminal justice sentence. As a result, his Criminal History Category was V. Under the new guidelines, the defendant loses one status point, reducing his total points to 11, which still falls into Criminal History Category V. With a Total Offense Level of 17, this corresponds with the originally calculated imprisonment range of 46 to 57 months. With a mandatory consecutive 60-month term for Count Two, the range then becomes 106 to 117 months. Since the defendant was already sentenced within that range, he is not eligible for any further reduction.").